IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA K. ASHE-SMITH,

    Plaintiff,

v.

ROBERT HOSKINS; NUROCK MANAGEMENT, INC; AND ROSA GIBSON,

    Defendants.

CIVIL ACTION NO.

1:11-cv-03390-JEC

### ORDER & OPINION

This case is before the Court on defendants' motion to amend the answer to the complaint [19] and defendants' motion to strike [25]. For the reasons explained herein, the defendants' motion to amend the answer to the complaint [19] is **GRANTED** and defendants' motion to strike [25] is **GRANTED**.

### BACKGROUND

This case arises from alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. On October 5, 2011, Pamela K. Ashe-Smith ("plaintiff") filed in this Court a *pro se* action alleging that her former landlord, NuRock Management, Inc.; its Vice President, Robert Hoskins; and its property manager at the time, Rosa

Gibson (collectively, "defendants") violated the FHA and ADA by retaliating against plaintiff because she filed a complaint with the United States Department of Housing and Urban Development ("HUD") and Georgia Commission on Equal Opportunity ("GCEO").  This alleged retaliation consisted of, on October 5, 2009, demanding that plaintiff move out, and on September 1, 2010, wrongfully withholding plaintiff's security deposit.  (Compl. [3] at ¶ 7.)[1]

On July 8, 2013, defendants filed an answer [13] to the complaint and then on August 9, 2013, filed a motion to amend that answer [19].  The reason for amendment, defendants state, is that the original answer "inadvertently omitted a statute of limitations defense." (Mot. to Amend [19] at 1.)  Although the defense was omitted from the original answer, defendants point out that their initial disclosures, filed on August 2, 2013, "explicitly included a statute of limitations defense." (*Id.* at 2; *see* Defs.' Initial Disclosures [16].)  In that filing and in the amended answer, defendants argued that plaintiff filed her original complaint with the GCEO only on August 30, 2009, which defendants contend falls outside of the one-year statute of limitations period of 42 U.S.C.

---

[1] A third allegation, that defendants refused to pay a judgment for money damages rendered to plaintiff by the Magistrate Court of Fulton County, Georgia, was dropped in an amendment to the complaint after defendants satisfied the judgment. (Pl.'s Am. Compl. [4] at ¶ 4.)

2

§ 3610(a)(1)(A)(I). (Defs.' Initial Disclosures [16] at 3; Mot. to Amend [19] at 2.) Defendants likewise contend that plaintiff's filing of the present case in this Court falls outside the two-year statute of limitations period of 42 U.S.C. § 3613(a)(1)(A). (Defs.' Initial Disclosures [16] at 3; Mot. to Amend [19] at 2.) Plaintiff disputes defendants' chronology, asserting that none of her causes of action are time-barred. (Pl.'s Resp. [22] at 1-3.)

Plaintiff filed on August 7, 2013 a "Response to the Defendants Answer and Reply to the Defendants Defenses," followed two days later by an amended version, which corrected some typographical errors in the original. (*See* Pl.'s Resp. [18] and Pl.'s Am. Resp. [20].) That short pleading states that plaintiff "stands by the facts that will prove that the Defendants violated the rights under the FHA and ADA." (Pl.'s Am. Resp. [20] at 1.) Toward that end, it reiterates portions of the plaintiff's complaint and asserts that the causes of action are not time-barred. (*Id.*) In doing so, it references a settlement negotiation with defendants, in which, according to plaintiff, the statute of limitations was "mentioned." (*Id.* at 2.)

Defendants filed a motion to strike [25] these responses pursuant to Federal Rule of Civil Procedure 12(f), contending that "both documents contain inadmissible hearsay, conclusory and argumentative statements and legal conclusions as well as statements made during settlement negotiations." (Defs.' Mot. to Strike [25] at

3

2.) Plaintiff filed a reply [31] in opposition to defendants' motion to strike.

## DISCUSSION

**I.   DEFENDANTS' MOTION TO AMEND**

Federal Rules of Civil Procedure instruct that "[t]he court should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2).  Without good reason to deny permission to amend, courts will generally allow it. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)("'[i]n the absence of any apparent or declared reason . . . the leave sought should'" be freely given)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nevertheless, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [other party] and futility." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013). *See also Muhammad v. Sapp*, 494 Fed. App'x 953, 958 (11th Cir. 2012) ("Although leave to amend is freely given when justice so requires, it is not an automatic right."). In the present case, there is neither undue delay, undue prejudice, nor obvious futility in the amendments defendants seek to make.

The Court notes that the motion to amend was made only a month and a day after defendants filed their original answer. In the intervening period, plaintiff did submit a response [18] to that original answer, but otherwise there was little substantive

4

development of the case: no motions were filed or discovery commenced. The amended answer poses little risk of delay or prejudice, as plaintiff's response already anticipated and addressed--albeit unclearly and not in detail--the assertions in the defendant's initial disclosures that plaintiff had not filed her action in a timely manner. (*See* Pl.'s Resp. [18] at 2.) Thus, given the fact that plaintiff was already aware that the statute of limitations would be an issue in the case and that defendants' addition of the statute of limitations defense was reasonably prompt, there is no evident undue delay or prejudice in permitting amendment.

Nor is there apparent futility in the amendments. There remain disputed facts as to when the limitations period began. The limitations clock begins with "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). It is disputed at what date the alleged discriminatory actions terminated. Plaintiff contends that the discrimination continued until October, 2011, in contrast to the defendants' contentions that the alleged discrimination terminated on September 25, 2009. (Pl.'s Am. Resp. [20] at 1; Defs.' Initial Disclosures [16] at 4.) Further, the FHA tolls the limitations clock during administrative proceedings. 42 U.S.C. § 3613(a)(1)(B). The Court does not yet have before it sufficient evidence to determine how much time might be excluded as a result of plaintiff's pursuit of

5

redress through HUD and GCEO. Because the Court lacks sufficient evidence to determine these questions, defendants' statute of limitations defense cannot be dismissed as futile.

## II. **<u>DEFENDANTS' MOTION TO STRIKE</u>**

Defendants move to strike two of plaintiff's filings: plaintiff's response to defendants' amended answer [18] and plaintiff's amended response to defendants' amended answer [20]. (*See* Mot. to Strike [25].) Defendants object to these on the grounds that "both documents contain inadmissible hearsay, conclusory and argumentative statements and legal conclusions as well as statements made during settlement negotiations." (*Id.* at 2.)

The Federal Rules of Civil Procedure provide that "the court may [order stricken] from a[ny] pleading . . . any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). Such legally or factually insufficient matter "should be stricken to eliminate the unnecessary delay and expense of litigating it." *Resolution Trust Corp. v. Youngblood*, 807 F. Supp. 765, 769 (N.D. Ga. 1992). *See also Reiter's Beer Distribs., Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 144 (E.D.N.Y. 1987)("Where the materiality of the alleged matter is highly unlikely, or where its effect would be prejudicial, the Court may order it stricken.") However, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often

6

(Rev.8/82)

being considered 'time wasters', and will usually be denied unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Italiano v. Jones Chem., Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995). Accordingly, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862 (5th Cir. 1962)(internal footnotes and citations omitted).[2]

This Court must also take into account the fact that plaintiff is a *pro se* litigant, and "'[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)(quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). But there are limits to this liberality: "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)(citations omitted), *overruled on other grounds as recognized in Randall v.*

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

7

*Scott*, 610 F.3d 701, 706 (11th Cir. 2010). Thus, in assessing defendants' motion to strike, the Court reads plaintiff's filings charitably, but within the limits imposed by the Eleventh Circuit and the Federal Rules.

The Court first notes that plaintiff's responses are not among the types of pleading permitted under the Federal Rules: a complaint; an answer to a complaint, counterclaim or crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer. FED. R. CIV. P. 7(a). The submissions' procedural defects are compounded by substantive shortcomings. Plaintiff's responses add nothing of substance to her initial complaint, as they consist largely of reassertions of facts stated there. As plaintiff herself recognizes, "[i]f the Motion to Strike is granted to the Defendant the same facts are included in the Discovery Report and other filings and motions pertaining to the case." (Pl.'s Reply to Defs.' Mot. to Strike [31] at 3.) Where not reasserting facts, the responses improperly offer legal conclusions about the application of the ADA, the FHA, and Georgia law. (*See* Pl.'s Am. Resp. [20] at 2.) The contents of the responses are thus variously redundant and immaterial.

Moreover, the responses tread dangerously close to violating Federal Rule of Evidence 408 in their discussion of settlement negotiations with defendants. Plaintiff states that "[d]uring a

8

meeting to agree on a settlement on June 13, 2013 at the Richard Russell Federal Court Building, Attorney Steven J. Edelstein, mentioned statute of limitations of the 2007 timeframe but Discovery or Request for Productive documents had not been filed." (*Id.*) The precise meaning and intent of this statement eludes this Court, and thus the Court cannot definitively determine whether it is illicitly offered "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408(a).[3] If there were probative materials in these filings, the Court might overlook these problems in the interest of showing leniency toward a *pro se* litigant. As nothing seems to be lost in striking these responses, however, it is appropriate that the Court grant defendants' motion to strike [25].

The Court takes this opportunity to remind plaintiff that under the Federal Rules, parties are permitted only certain types of pleadings. *See* FED. R. CIV. P. 7(a). The Local Rules of this Court

---

[3] In her motion opposing plaintiff's motion to strike [31], plaintiff seems to explain the motivation, stating that "[t]he Defendant offered a settlement before the Discovery or other legal proceedings began; therefore the Plaintiff feels that the Defendant would settle to shorten possible lengthy and costly legal proceedings." (Pl.'s Reply to Defs.' Mot. to Strike [31] at 2.) Although still ambiguous, this comes closer to violating Federal Rule of Evidence 408, in that it seems to suggest that defendants recognize the validity of plaintiff's claim. Defendants have not conceded that, and plaintiff may not use the fact of settlement negotiations to imply that they have.

9

further specify the form and timing of these pleadings. *See* LR 7, NDGa. The Court also reminds plaintiff of Federal Rule of Evidence 408, which limits the admissibility into evidence of statements made during settlement negotiations. *See* FED. R. EVID. 408. The Court reiterates that it is unclear what plaintiff intended to accomplish in her mention of the settlement negotiation with defendants; it merely reminds plaintiff of her responsibility to conform her pleadings to the rules governing these proceedings. Although the Court recognizes that plaintiff is proceeding *pro se*, and thus is allowed some leniency in her pleadings, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules still apply. Insofar as plaintiff wishes to contest defendants' statute of limitations defense, she will have opportunity to do so at the proper time, such as in reply to a motion to dismiss or motion for summary judgment.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** defendants' motion to amend [19] and **GRANTS** defendants' motion to strike [25]. The Court **INSTRUCTS the clerk to strike** docket entries [18] and [20].

SO ORDERED, this 2nd day of February, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

10